UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROSS MORTGAGE,<br><br>  Plaintiff,<br><br>vs.<br><br>SABIR AL-MANSUR,<br><br>  Defendant. | Case No.: 13-cv-02944-YGR<br><br>**ORDER DENYING APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **AND REMANDING ACTION TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA** |

Defendant Sabir Al-Mansur removed this action to federal court on June 26, 2013. (*See* Dkt. No. 1.) Concurrently, he filed an Application to Proceed *in Forma Pauperis*. (Dkt. No. 2.)

Pursuant to 28 U.S.C. section 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). The court may deny *in forma pauperis* status, however, if it appears from the face of the proposed complaint that the action is frivolous or without merit. *O'Loughlin v. Doe,* 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). In addition, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*

Having reviewed the "Notice of Civil Rights Removal to Unlawful Detainer Action Under 28 U.S.C. § 1443(1) and Other Sections as Cited" ("Notice of Removal"), the Court finds that it lacks subject matter jurisdiction over this unlawful detainer action and that Defendant's removal of this action was frivolous.

Defendant removed this unlawful detainer action bearing state court case no. RG12654035 from the Superior Court of California, County of Alameda.  As a preliminary matter, the Court notes that Defendant previously removed this *same state court action* to federal court, which was assigned Case No. 13-cv-00398-EMC in this district ("Prior Removed Action").  In that case, the Honorable Edward M. Chen remanded the action to Alameda County Superior Court because the court lacked diversity jurisdiction and federal question jurisdiction.  (*See* Dkt. Nos. 11 & 21 in Prior Removed Action.)  In addition, Judge Chen explained that Defendant had failed to make a requisite showing for removal under 28 U.S.C. section 1443 ("Section 1443"), and that removal under Section 1443 was thus improper.  (*Id.*)

In the present action, Defendant has filed a Notice of Removal that repeats the same arguments raised in the notice of removal in the Prior Removed Action, with the addition of certain federal statutes as a further reason that removal under Section 1443 is proper.  The Court finds that Defendant's additional arguments in his Notice of Removal do not provide the Court with subject matter jurisdiction, nor do these statutes—combined with Defendant's conclusory arguments— make his removal under Section 1443 proper.  The Court finds that Defendant has now improperly removed state court case no. RG12654035 twice.  Defendant is hereby advised that he may not "remove the same action [multiple times] where each removal is based on the same grounds."  *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883); *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492–93 (5th Cir. 1996)).

The Court also notes that Defendant has, this year alone, removed state court unlawful detainer actions four times—two relating to state court case no. RG12654035 (including the instant action) and two relating to state court case no. RG12654029.[1]  In each of these other three cases, the matter was remanded based on a lack of subject matter jurisdiction and/or improper removal under Section 1443.  Further, the undersigned has been assigned to three other matters involving removals of unlawful detainer actions by Defendant based on the same grounds of removal asserted herein, and in each instance, the action was remanded.  Defendant's history of removing actions

---

[1] *See* Case Nos. 13-cv-00399-PJH and 13-cv-02945-WHA.

2

without proper basis is further support for this Court's finding that Defendant's removal in this action was both without merit and frivolous.

For the foregoing reasons, the Court **DENIES** Defendant's Application to Proceed *in Forma Pauperis* and **REMANDS** this action to the Superior Court of California, County of Alameda. The Clerk of this Court is further ordered to forward certified copies of this Order and all docket entries to the Clerk of the Alameda County Superior Court.

The Case Management Conference scheduled for December 9, 2013 is hereby **VACATED**.

This Order terminates Dkt. No. 2.

**IT IS SO ORDERED.**

Dated: November 22, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**